**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                              Case No.:    3:12-cr-157-J-34MCR-2

ERIC KEVONTAY WILLIAMS

_____/

## ORDER

This case is before the Court on Defendant Eric Kevontay Williams's pro se Motion for Compassionate Release and supporting exhibits. (Doc. 105, Motion; Doc. 105-1, Medical Records). Williams is a 29-year-old inmate incarcerated at Terre Haute USP, serving a 200-month term of imprisonment for five counts of Hobbs Act robbery and two counts of brandishing a firearm in furtherance of a crime of violence. (Doc. 90, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on August 24, 2026. Williams seeks a reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because of the Covid-19 pandemic and because he has an osteochondroma on the left humerus, a calcified lesion in his left chest, and major depressive disorder. In his Reply brief (Doc. 111), Williams adds that he seeks a sentence reduction under Section 403 of the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194.

The United States opposes the motion for compassionate release because Williams did not exhaust his administrative remedies, because Williams has not demonstrated extraordinary and compelling circumstances, and because the BOP is taking significant

1

measures to respond to the Covid-19 crisis. (Doc. 109, Response). The United States also argues that the § 3553(a) factors do not support a reduction in sentence. Id.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.[1] A movant for compassionate

---

[1] The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)**     **(A)** Extraordinary and compelling reasons warrant the reduction; or
>        **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> **(3)** The reduction is consistent with this policy statement.

2

release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

The United States argues that Williams did not exhaust his administrative remedies. Response at 4-5. However, the United States recognizes that Williams submitted a request for compassionate release to the warden of his facility on May 7, 2020. Id. at 4. Williams filed the Motion more than 30 days later, on June 21, 2020. Motion at 1. Thus, the Court concludes that Williams has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Nevertheless, Williams has not shown "extraordinary and compelling" reasons warranting compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. As the Third Circuit Court of Appeals observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Williams states that he has osteochondroma, a calcified lesion, and major depressive disorder. While an osteochondroma "can become cancerous later in life" according to Williams's medical records (Doc. 105-1 at 1), there is no indication that it is currently malignant. Additionally, none of Williams's conditions has been identified by the Centers for Disease Control as increasing the risk of severe infection from Covid-19. Aside from the medical conditions specified, Williams appears to be a healthy 29-year-old. Taken together, Williams has not

---

U.S.S.G. § 1B1.13. The commentary defines "extraordinary and compelling reasons" to mean a defendant's medical condition, old age, certain family circumstances, or "other reasons" as determined by the Director of BOP, as set forth in § 1B1.13, cmt. 1.

3

shown that he suffers from a serious medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Moreover, even if Williams had established extraordinary and compelling reasons, he would not be eligible for compassionate release because the § 3553(a) factors do not support a sentence reduction. Williams was convicted of seven serious felonies: five counts of Hobbs Act robbery under 18 U.S.C. § 1951(a) (2012), and two counts of brandishing a firearm in furtherance of a crime of violence under § 924(c) (2012), for which the Court sentenced him to a term of imprisonment of 200 months. Williams still has six years remaining on his term of imprisonment. In view of all the § 3553(a) factors, reducing Williams's term of imprisonment by more than six years would not be consistent with the statutory purposes of sentencing at this time.

Finally, Williams requests a sentence reduction under Section 403 of the First Step Act of 2018. That part of the First Step Act amended § 924(c)'s repeat-offender enhancement by limiting its application to those whose second or subsequent violation of § 924(c) "occurs after a prior conviction under this subsection has become final." First Step Act, § 403(a). However, the First Step Act limited the extent to which this amendment applies retroactively:

> (b) APPLICABILITY TO PENDING CASES.— This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, <u>if a sentence for the offense has not been imposed as of such date of enactment</u>.

Id., § 403(b) (emphasis added). The Court sentenced Williams in April 2014. (Doc. 89, Clerk's Minutes). "By its plain language, section 403 is thus inapplicable to [Williams]."

4

Willingham v. United States, 805 F. App'x 815, 817 (11th Cir. 2020). Therefore, Williams is not eligible for a sentence reduction under Section 403 of the First Step Act.

Accordingly, Defendant Eric Kevontay Williams's Motion for Compassionate Release (Doc. 105) is **DENIED**.[2]

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of August, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

---

[2] To the extent Williams requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

5